THE PEOPLE, PLAINTIFF AND APPELLEE, v. FERNÁNDEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in a Prosecution for An Offense Against Public Health and Safety.

No. 856.—Decided December 9, 1915.

PUBLIC HEALTH AND SAFETY—SCIENTER—CONTAGIOUS OR INFECTIOUS DISEASE.— In order to convict a defendant of violation of section 352 of the Penal Code it must be shown as an essential element of the offense that he knew the animal was afflicted with glanders or some other contagious or infectious disease and that, knowing that fact, he failed to kill it or objected to its being killed by the sanitary authorities.

The facts are stated in the opinion.
*Mr. Salvador Mestre, fiscal,* for the appellee.
The appellant did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from a judgment of the District Court of San Juan, Section 2, convicting Julio Fernández of an offense against the public health and safety and sentencing him to pay a fine of $30.

The pertinent part of the information reads as follows:

"That at 10 a. m. on December 14, 1914, defendant Julio Fernández wilfully, criminally and maliciously kept in Vista Alegre Street of the municipal judicial district of Bayamón, which forms part of the judicial district of San Juan, P. R., his chestnut-colored horse, which was affected with glanders, in an abandoned condition behind the house of Encarnación Rodríguez and, although knowing that the horse was so diseased, did not notify the sanitary officer of this town at the proper time."

The section of the Penal Code applicable to the case reads as follows:

"Section 352.—Every animal having glanders or any other contagious or infectious disease shall at once be deprived of life by the owner or person having charge thereof, upon discovery or knowledge of its condition; and any such owner or person omitting or refusing to comply with the provisions of this section shall be guilty of a misdemeanor."

The transcript of the record contains a statement of the case in which the evidence introduced is included. The attorney for The People of Porto Rico before this court analyzed the said evidence orally and in his brief and concluded that it was insufficient to support the judgment of conviction rendered, therefore he approved the grounds of the appeal and asked for a reversal of the judgment.

The evidence for the prosecution consisted only of the testimony of Dr. La Rosa, the sanitary inspector of Bayamón, and of veterinary surgeon Varas, and in our opinion it shows conclusively that the defendant was the owner of a horse afflicted with chronic glanders which the sanitary officials caused to be killed and buried; but it does not show with the certainty necessary in all criminal cases that the

defendant knew that the horse had glanders and that, knowing that fact, he failed to kill it or objected to its being killed by the sanitary authorities.

As a matter of fact, the conduct of the accused creates suspicion. As the disease was chronic, it may be true that he had knowledge thereof. The public official who was in charge of the investigation of the offense and the prosecution of the offender might have been able, perhaps, with effort to introduce evidence of such knowledge. But the fact remains that there is no such evidence and, therefore, as one of the essential elements of the offense charged against the defendant is lacking, he cannot be convicted of the commission of the same.

The judgment should be reversed and the defendant discharged.

*Reversed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.